### THE ANCHORIA.

(*District Court, S. D. New York.   January* 6, 1882.)

1. LIBEL—EXCEPTIONS—INSURERS—COLLISION.

The libellant may sue for himself and for the use of another where both are entitled to recover upon the same state of facts and the interest of the latter has arisen from subrogation to part of the right of the former.

Where goods are injured by collision at sea, and the insurers pay part of the loss, the owner of the goods may file a libel for his own loss unpaid, and for the use of the insurers to the extent of the loss paid by them.   The libellant's authority to represent the insurers must appear to entitle him to recover for their use; but this will not be considered, upon an exception to the general want of power, to maintain a libel for the use of another.

Upon exceptions, *held*, that the libel, for the purpose of a sufficient identification of the goods, must state at least the description of them given by the bills of lading, and the date thereof, and also the essential elements of the contract of insurance upon which the rights and liabilities of the parties may depend.

In Admiralty.   Exceptions to libel.

*Butler, Stillman & Hubbard,* for libellant.

*Jas. K. Hill* and *Wing & Shoudy,* for claimants.

---

BROWN, D. J.    The libel in this case was filed by Thomas C. Campbell, "for himself and for the use and benefit of the Ulster Marine Insurance Company, (limited,) his insurers," against the steamers Anchoria and the Queen.    The libel sets forth a collision in mid-ocean between the two steamers on June 13, 1880, whereby goods of the libellant on board of the Anchoria were injured or destroyed to the extent of about $5,000, and that the goods were partially insured by the Ulster Marine Insurance Company, (limited,) which had paid to him on account of the insurance the sum of $2,576.18.    The libellant seeks to recover the whole amount of damage to the goods, for the use of the insurance company to the extent of the amount paid by it, and the residue of the damage for the benefit of the libellant himself.    The first exception to the libel is that the libellant, Campbell, is not entitled to maintain this action and recover for the use and benefit of the insurance company as claimed.

It is not denied that all persons entitled on the same state of facts to participate in the same relief may join as libellants, (Ben. Adm. Pr. § 380,) but it is claimed that in this case the insurance company is not joined as libellant, and that the practice is not allowed of one person suing for the use of another.    The claims here represented, it will be observed, grow out of the same transaction, and the rights of the insurance company arise by subrogation to a part of the rights of the libellant.    This objection now made seems to be answered by the decision in the case of *Fretz* v. *Bull*, 12 How. 466.    In that case a flat-boat belonging to Bull & Co., the libellants, had been lost by a collision, as well as goods of the libellants loaded upon it.    An insurance company had paid to Bull & Co. the whole value of the goods, but the boat was not insured.    The libellants thereupon brought their libel precisely in the form of the libel in this case, to recover for themselves the value of the boat, and, for the use of the insurance company, the value of the goods.    The same objection now urged was taken; and the court, *Wayne*, J., held that "the parties named in the libel have respectively an interest, which is covered by the principle just stated, that the same state of facts which will give relief to one will permit others to be joined as libellants.    It is no substantial objection," then, say the court, "that the suit has been brought in the name of Bull & Co. for the use of the Firemen's Insurance Company."    *The Monticello* v. *Mollison*, 17 How. 152, 155; *Garrison* v. *Memphis Ins. Co.* 19 How. 312; *Hall* v. *Railroad Cos.* 13 Wall. 367.

The verification of the libel made by the attorney states that his information is derived in part from the representatives of the insur-

ance company; and it may, therefore, be perhaps inferred that this suit, in so far as it respects the interests of the insurance company, is prosecuted with their concurrence and by their authority. In the case of *Fretz* v. *Bull* that fact appeared in the proofs. The libel does not in this case directly state any request or authority from the company for prosecuting this suit in their behalf or for their use. Such an authority should appear in the proofs to entitle to a recovery· upon this part of the claim, as otherwise the insurance company would not be bound by the proceedings or by the judgment rendered. No exception, however, was taken on this ground. The exception is to the general want of power in the libellant to sue in this manner, and that exception, upon the authorities above cited, must be over-ruled.

The nature of the alleged cause of action sufficiently appears by the allegations in the libel. The third and fourth exceptions are that the libel does not set forth with sufficient certainty the agreement of shipment or the consideration for it, and neither the terms nor a copy of the bill of lading; and it is claimed that the description of the goods is not sufficient to enable the Anchoria to identify them. The libel refers to bills of lading, but it does not give either their dates or the description of the goods as stated in the bills of lading. These should be supplied, together with the names of the consignees. The claimants are also entitled to a statement of what goods were "wholly lost," and what were only damaged; and also of the material parts of the contract of the policy of insurance upon which any rights of the parties may depend, including the time and place of the insurance, the persons insured, and their interest in the goods, as claimed by the fifth and sixth exceptions.

To this extent the exceptions are sustained; otherwise, overruled.