EASTFIELD S. S. CO. v. McKEON et al.

(District Court, S. D. Alabama, S. D.  April 1, 1911.)

No. 1,070.

ADMIRALTY (§ 41*)—PARTIES—SUIT FOR BENEFIT OF ANOTHER.

In admiralty, the party entitled to relief should always be made libelant, and the practice of instituting a suit in the name of one person for the benefit of another, to whom the right has been transferred. only obtains in particular cases, such as suits by the owner to recover for loss of cargo, which was partially insured, where the insurance has been paid, and the insurer is entitled by subrogation to a part of the recovery.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 350–368; Dec. Dig. § 41.*]

In Admiralty. Suit by the Eastfield Steamship Company against J. T. McKeon and others. The court having decreed that libelant could not recover, on the ground of having parted with all interest in the suit, libelant moved to amend the libel by making it read: "Eastfield Steamship Company sues on its own behalf and for the use of Field Line, Cardiff, Limited." Motion denied, and libel dismissed.

Convers & Kirlin and Bestor, Bestor & Young, for libelant.
Pillans, Hanaw & Pillans, for respondents.

TOULMIN, District Judge. The party really entitled to the relief should always be made libelant. The practice of instituting a suit in the name of one person for the benefit of another, to whom the right has been transferred, and of making one person libelant as the representative of another, does not obtain in admiralty, except in certain cases, as of salvage and other cases somewhat analogous, as suits for seamen's wages having a like cause of complaint, and suits where the owner of goods claims damages for their injury or destruction while transported on a vessel. The goods being partially insured, the owner may maintain a suit in behalf of himself and for the use of the insurance company for their respective losses, on the ground of avoiding a multiplicity of suits; for, if the insurance company paid the owner for his loss to the extent of the insurance on the goods destroyed, it would be subrogated to the right of the owner to a like extent, and be entitled to enforce that right against the vessel, the wrongdoer. All persons entitled on the same state of facts to participate in the relief, and no others, should be joined as libelants, whether the suit be in personam or in rem. Benedict's Admiralty, § 380.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Fretz v. Bull, 53 U. S. 466, 13 L. Ed. 1068, the Supreme Court said:

"In admiralty, the party entitled to relief should always be made libelant, and the practice of instituting a suit in the name of one person for the benefit of another, to whom the right has been transferred, only obtains in particular cases. But all persons entitled on the same state of facts to participate in the same relief may join as libelants, whether the suit be in personam or in rem."

The case of The Detroit, 1 Brown, Adm. 141, Fed. Cas. No. 3,832, was a suit for towage services, brought in the name of John K. Harrow, who was supposed to be the owner of the tug. After answer filed, and testimony had been taken, it was discovered that James P. Harrow was the owner of the tug, and an amendment was permitted, substituting James P. Harrow for John K. Harrow as libelant by order of the District Court. On appeal to the Circuit Court it was held by Mr. Justice Swayne that there was no authority to make this order, and that the substitution of one sole libelant for another is substantially the institution of a new suit.

Where two or more parties named in a libel have respectively a claim arising out of the same state of facts, all are entitled to relief and are permitted to be joined as libelants. The Anchoria (D. C.) 9 Fed. 840. And a libelant may sue for himself and for the use of another, where both are entitled to recover upon the same state of facts, and the right of the latter has arisen from subrogation to part of the right of the former. The Anchoria, supra.

The counsel for libelant cites, in support of his application, the case of Burk v. The Brig Rich, 1 Cliff. 312, Fed. Cas. No. 2,161, and the case of The Manhasset, 19 Fed. 430. As I understand the opinions in these cases, they do not militate against the rule announced in Fretz v. Bull, supra, and in Benedict's Admiralty, supra, or in any respect vary or alter that rule. The case in 1 Cliff. 312, Fed. Cas. No. 2,161, as I understand it, was substantially this: A suit in rem was instituted by the libelant to recover the amount of a bottomry bond upon the brig Rich, given by the master, on which a sum of money was advanced to repair the vessel. Subsequently the libelant filed a supplemental libel, alleging that H. H. & Co. were mortgagees of a portion of the vessel. Subsequent to this said H. H. & Co. were informed that the vessel was about to be sold at auction to satisfy the bond, and that unless they took measures to have the bond transferred from libelant they would lose their claim. H. H. & Co. thereupon paid the amount due libelant and took an assignment of the bond, and the suit continued and was prosecuted in the name of the libelant for the benefit of said H. H. & Co. H. H. & Co., however, appeared in the suit and filed a supplemental libel, which was answered by the respondents, who had already answered the libel filed by the libelant. The parties then proceeded to issue and trial. Different defenses were interposed, among them a denial of libelant's right to maintain the suit. The court said that a bottomry bond was, in a qualified sense, a negotiable instrument, which may be transferred and put in issue by the person so acquiring it, and that it was competent for the assignee to enforce payment in admiralty in his own name. As a general rule, the libel should

be in the name of the real party in interest. And it cites the case of Fretz v. Bull, supra. It said that none of the cases decide whether the assignee may maintain the suit in the name of the assignor, and added:

"Be that as it may, still in this case the real parties in interest appeared in the progress of the suit and filed a supplemental libel, setting forth all the grounds of their claim. Answer was made by the respondents to that libel, and the parties proceeded to issue and trial. All the parties are before the court."

The case of The Manhasset, supra, was a suit where the administratrix of one Black (who was the widow of said Black) filed a libel in rem against the vessel to recover damages for causing the death of said Black. The libel was founded on a statute which provides that, where a person who would be entitled to damages for an injury inflicted by another dies of that injury, his administrator may sue for the damages due the deceased, for the benefit of the wife, parent, and child of the deceased. The court said this action, which the statute gives, is against the damnifier himself, and is an action in personam. It did not create a maritime right of action in rem against the vessel; and the court dismissed the libel for want of jurisdiction, but without prejudice. The judge, however, stated that he conceded that a right existed under the maritime law in the wife to sue for the killing of her husband, and it may be sued upon in an admiralty court. And the judge stated that if a libel in rem was brought by the widow, for herself and in behalf of the minor children of the deceased, he would entertain it, and suggested that it might be competent to allow the present libel to be amended, so as to make it one in which the widow and minor children of the deceased should sue in their own right and for their own benefit. Whereupon the libelant moved the court for leave to dismiss the original libel as to herself as administratrix, and to file an amended libel in her individual character as widow of Black, and in her character as guardian of the minor children of said Black. This was allowed. The judge said the res is the same and the tort is the same, and, where the original libel set out matter enough by which to amend, a libel may be amended as to parties by changing the character in which the libelant sues. The Manhasset, 18 Fed. 918; Id., 19 Fed. 430.

Guided by the well-settled rules of pleading and practice which obtain in the courts of admiralty, and in view of the facts in this case, as shown by the evidence in it, and as admitted by the able and diligent counsel for the libelant in the case, I must deny the motion to amend the libel; and, being of opinion that the libelant is not entitled to recover, the court sustains the motion to dismiss the libel.

And it is so ordered.