## THE ROOSEVELT.

### WAHLBORG et al. v. AMERICAN S. S. CO. et al.

District Court, S. D. New York.
March 23, 1938.

De Forest, Cullom & Elder, of New York City (James E. Freehill, of New York City, of counsel), for libelants.

Bigham, Englar, Jones & Houston, of New York City (Leonard J. Matteson and Charles A. Van Hagen, Jr., both of New York City, of counsel), for respondents.

PATTERSON, District Judge.

The respondent American Steamship Company has filed exceptions to the libel on the ground that the suit may not be maintained in this district in view of section 52 of the Judicial Code, 28 U.S.C.A. § 113, and also on the ground that the libellants are not authorized to file a representative suit for others.

The libel is one in personam against several respondents to recover wages alleged to be due to the libellants and to twelve others, all alleged to have been members of the crew of the steam tug Roosevelt. The suit was brought by the two libellants in their own behalf and in behalf of the other twelve. Under a clause of foreign attachment in the libel, process was issued to the marshal who thereupon attached property in this district belonging to the respondent American Steamship Company, a resident of the Western District. A duplicate writ was issued to the marshal of the Western District who made service on the respondents there. American Steamship Company filed a general appearance. The other respondents, appearing specially, succeeded in having the duplicate writ vacated on showing that all respondents were residents of the Western District. This left American Steamship Company as the only party respondent in the suit. It then filed exceptions to the libel, the exception principally urged being that maintenance of the suit is in violation of section 52 of the Judicial Code, 28 U.S.C.A. § 113, which reads:

"When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants * * *".

Procedure by foreign attachment in admiralty is ancient. It was recognized by the earlier Admiralty Rules and is continued to this day by Rule 2 of the present Admiralty Rules of the Supreme Court, 28 U.S.C.A. following section 723. Because of the early origin of the practice, and because also of the history of section 51 of the Judicial Code, 28 U.S.C.A. § 112, to the effect that no civil suit shall be brought against any person in any district other than that whereof he is an inhabitant, it is settled that section 51 does not stand in the way of a suit in admiralty by foreign attachment against a person not residing in the district. Atkins v. Disintegrating Co., 18 Wall. 272, 21 L.Ed. 841. By the same reasoning it would seem that section 52, the first part of which is a repetition of section 51 and the second part of which is an exception to the general prohibition contained in section 51, has no application to a suit in admiralty by way of foreign attachment. See Connecticut Fire Insurance Co. v. Lake Transfer Corp., 2 Cir., 74 F.2d 258. But a decision on this point is not required in this case, because of the effect of the general appearance filed by the objecting respondent.

Section 52, like section 51, is not a restriction on the general jurisdiction of the district court. It goes only to venue, giving to a person sued in the wrong district a privilege he may assert or may waive at his pleasure. He waives the privilege if he enters a general appearance. Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Burnrite Coal Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002; Gorman v. A. B. Leach & Co., D.C.N.Y., 11 F.2d 454; Chesapeake & Ohio Ry. Co. v. Coffey, 4 Cir., 37 F.2d 320. American Steamship Company, unlike those sued with it, put in a general appearance in the suit. This step put an end to any objection it might otherwise have had against maintenance of this suit in this district. The exception based on section 52 of the Judicial Code must be overruled.

On the other exception, I am of opinion that in suits for wages it is permissible practice for one or more members of a crew to sue in admiralty on behalf of other members similarly situated. See Eastfield S. S. Co. v. McKeon, D.C.Ala., 186 F. 357.

The exceptions will accordingly be overruled.