## BAGBY et al. v. CLEVELAND WRECKING CO.

Civ. No. 78.

District Court, W. D. Kentucky, Louisville Division.

June 23, 1939.

272

Edw. F. Seiller, of Louisville, Ky., for plaintiff Kentucky Federation of Labor.

Willis, Sloss & Elliott, of Louisville, Ky., for other plaintiffs.

Ernest Woodward, of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiffs seek to recover wages and damages by reason of alleged violation on the part of the defendant of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., being the Federal Statute regulating the hours and wages of the employees. The defendant has filed a motion to dismiss the complaint as amended on the ground that it does not state any fact showing jurisdiction of this Court in the cause.

The complaint as amended states "plaintiffs were employed' by the defendant * * * to clean brick, wood and other materials salvaged from old structures, and that the greater part of the bricks, wood and other materials so cleaned by these plaintiffs were shipped and transported by the defendant or other carriers to various other states and beyond the boundaries of this State where the said bricks, wood and other materials have been finally sold or merchandised or disposed of." Defendant contends that this allegation does not bring it within the provisions of the Fair Labor Standards Act which provides "every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates." Section 6, 29 U.S.C.A. § 206. Defendant contends that the allegations of the petition referred to above do not constitute a statement that the defendant was engaged in commerce or in the production of goods for commerce at the times referred to in the petition.

Both plaintiffs and defendant in their respective briefs refer frequently to the evidence which will be introduced as proving their respective contentions that the employment was or was not interstate commerce. Such anticipated evidence can not of course, be considered on the present motion to dismiss; the petition must be judged by its allegations. The mere fact that goods which are manufactured or produced locally pass later into interstate commerce does not make the transaction one constituting interstate commerce. Schechter Poultry Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947; Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 868, 80 L.Ed. 1160. The Carter opinion even went so far as to state as a general principle of law "that commodities produced or manufactured within a state are intended to be sold or transported outside the state does not render their production or manufacture subject to federal regulation under the commerce clause." It seems to be well settled that in order for a local activity to come within the interstate commerce clause of the Constitution, U.S.C.A.Const. art. 1, § 8, cl. 3, it must have more than an indirect and remote effect upon interstate commerce, National Labor Relations Board v. Jones & Laughlin, 301 U.S. 1, 57 S.Ct. 615, 624, 81 L.Ed. 893, 108 A.L.R. 1352. The Supreme Court said in that case, "Although activities may be intrastate in character when separately considered, if they have such a close and substantial relation to interstate commerce that their control is essential or appropriate to protect that commerce from burdens and obstructions, Congress cannot be denied the power to exercise that control. Schechter Corp. v. United States, supra. Undoubtedly the scope of this power must be considered in the light of our dual system of government and may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectually obliterate the distinction between what is national and what is local and create a completely centralized government. Id. The question is necessarily one of degree."

The petition does not allege that the plaintiffs as employees of the defendant were engaged in commerce or in the production of goods for commerce, nor does it state any facts which would make the employment of the plaintiffs a part of the "stream of commerce," as described in the Jones & Laughlin case. In the opinion of the Court the allegations of the petition are not sufficient to bring the acts complained of within the provisions of the

Fair Labor Standards Act of 1938, and accordingly the motion to dismiss the petition is sustained, with leave, however, to the plaintiffs to amend.