**CAMPBELL v. SUPERIOR DECAL-COMINIA CO., Inc.**
**No. 232.**

District Court, N. D. Texas,
Dallas Division.
Feb. 19, 1940.

R. H. Jones, Jr., and J. C. Muse, Jr., both of Dallas, Tex., for the motion.

Curtis E. Hill, of Dallas, Tex., opposed.

ATWELL, District Judge.

The plaintiff sues for an amount under the National Fair Labor Standard Act, 29 U.S.C.A. §§ 201–219, which is less than $3,-000. The defendant claims that this court is without jurisdiction to proceed.

The judicial code specifies the jurisdiction of this court to be over "all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *." But the foregoing immediate provision as to the sum, or, value of the matter in controversy shall not be construed, says the code, to apply to any of the cases mentioned in the succeeding paragraphs of subdivision 1 of Section 24, 28 U.S.C.A. § 41(1).

Subdivision 8 of that same section, confers jurisdiction upon district courts "of all suits and proceedings arising under any law regulating [interstate] commerce."

That this provision confers jurisdiction, regardless of the amount involved, has been repeatedly determined, and was recently held in Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 651, 83 L.Ed. 1092. It will be recalled that the Mulford case arose under the AAA Act of 1938, 7 U.S.C.A. § 1281 et seq., and dealt with the provisions for tobacco marketing. The court said: "Before coming to the merits we inquire whether the court below had jurisdiction as a federal court or as a court of equity. Though no diversity of citizenship is alleged, nor is any amount in controversy asserted so as to confer jurisdiction under subsection (1) of Section 24 of the Judicial Code [28 U.S.C.A. § 41(1)], the case falls within subsection (8) which confers jurisdiction upon District Courts 'of all suits and proceedings arising under any law regulating commerce.'" See, also, Puerto Rico v. Russell & Company, 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193.

The Act under consideration, was passed in 1938, and provides in Section 2 (b), 29 U.S.C.A. § 202(b): "It is hereby declared to be the policy of this Act [chapter], through the exercise by Congress of its power to regulate commerce among the several States, to correct and as rapidly as practicable to eliminate the conditions * * *."

The provisions following, regulate interstate commerce. It would be difficult to hold that it is not an Act "regulating commerce." It definitely vests in any court having competent jurisdiction, the right to hear controversies arising under it. The

provision of the judicial code quoted above, gives this court that identical jurisdiction.

That a litigant may see fit to bring his action in a court of general jurisdiction of the state, does not render useless, the careful wording of the statute. That option is for the benefit of the laborer. If national courts are at a distance from him, and he prefers to litigate in a state court, he has that right under the statute. His is the right of choice, and he may enter either tribunal.

The motion to dismiss is overruled.