### GATES v. GRAHAM ICE CREAM CO.
#### No. 88 Civ.

District Court, D. Nebraska, Omaha Division.
March 1, 1940.

Webb, Beber, Klutznick & Kelley and Loyal G. Kaplan, all of Omaha, Neb., for plaintiff.

Grossman & Barton, of Omaha, Neb., for defendant.

DONOHOE, District Judge.

We have presented for our consideration a Motion to Dismiss filed by the defendant, which in purpose challenges the jurisdiction of the Court.

The complaint in substance alleges that the action arises under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and that this is a suit under the laws of the United States regulating commerce within the contemplation of the provisions of Chapter 2, Section 24, Subdivision 8 of the Judicial Code of the United States, 28 U.S. C.A. § 41(8), and further that it is a suit to enforce a penalty incurred under the laws of the United States as contemplated by Subdivision 9 of the above referred to section and chapter of said Judicial Code, 28 U.S.C.A. § 41(9). In paragraph 2, it is charged "that the defendant is a corporation * * * engaged in the manufacture of ice cream and beverages; that said corporation engages in interstate commerce, and in the production of goods for commerce within the meaning of the provisions of the Fair Labor Standards Act of 1938." By paragraphs 3 and 4, it is charged that the plaintiff and his wife, for whom he brings suit, "was employed by the defendant in the aforesaid business". Judgment is prayed in the sum of $1,002.44. Diversity of citizenship is not claimed or alleged.

The Motion of the defendant challenges the sufficiency of the foregoing allegations to show jurisdiction in the Court, or to bring the action within the purview of the Fair Labor Standards Act. The specific point stressed by the defendant is that the complaint does not allege facts showing or tending to show that the plaintiff and his wife, in their employment by the defendant, were engaged in commerce, or in the production of goods for commerce, while on the other hand, the plaintiff contends that the allegation contained in paragraphs 3 and 4—that the plaintiff was employed by the defendant in the aforesaid business—is a sufficient allegation in that respect. The point stressed being, that while the complaint is sufficient to show that the defendant was engaged in commerce, the allegation with reference to the plaintiff is not sufficient to show that the plaintiff was assisting the defendant in such engagement, or that the work performed by the plaintiff and his wife was performed in the production of goods for commerce.

Sections 6 and 7, pertaining to minimum wages and maximum hours, of the Act, provides:

"Sec. 6 [§ 206]. (a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—

"(1) during the first year from the effective date [October 24, 1938] of this section, not less than 25 cents an hour,

"(2) during the next six years from such date, not less than 30 cents an hour * * * *."

"Sec. 7 [§ 207]. (a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date [October 24, 1938] of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 3(b) defines the word "commerce", as used in the Act, as follows: "(b) 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

Section 3(j) defines the word "produced", as used in the Act, as follows: "(j) 'Produced' means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Act [chapter] an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or

in any process or occupation necessary to the production thereof, in any State."

We think the point raised by the defendant's Motion to Dismiss is well taken. The word "aforesaid", as used in paragraphs 3 and 4, we think is not sufficient to show jurisdiction. It merely pertains to the manufacturing of ice cream and beverages, which is alleged to be the business of the plaintiff, rather than to the allegation showing that the defendant engaged in interstate commerce, and in the production of goods for commerce. The facts establishing jurisdiction should be plain and explicit, and should not require a strained construction of words or phrases.

 The rule is very well established that the plaintiff must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to Federal jurisdiction. Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 339, 70 L.Ed. 682. The rule, as announced by the Supreme Court in these cases, is stated as follows: "The established rule is that a plaintiff, suing in a Federal Court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to Federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."

By Rule 8(a) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that the pleadings shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends". In other words, the jurisdiction must appear from the facts as set forth in a short and plain statement in order to determine the jurisdiction. Hence, in this case, there should be alleged in the Complaint sufficient facts from which it may be made to appear that the work performed by the plaintiff and his wife in their employment was in the production, manufacturing, handling, transporting or working on the goods, or in any process or occupation necessary in the production thereof.

 We think such an allegation is plainly required by the terms of the Act before it will appear that the Court has jurisdiction over the action as a case arising under the Fair Labor Standards Act, for unless this suit comes within the purview of the Fair Labor Standards Act, this Court is clearly without jurisdiction, since there is no diversity of citizenship alleged, and the jurisdictional amount is not involved. To the same effect, see Bagby et al. v. Cleveland Wrecking Co., D. C., 28 F.Supp. 271.

The plaintiff will be allowed ten days within which to amend his Complaint; if he so elects. Upon his failure so to do within the time allowed, the Motion to Dismiss will be sustained, and the action dismissed.