**UNITED STATES v. WALTERS LUMBER CO. et al.**

**SAME v. INDUSTRIAL RAG CO. et al.**

**SAME v. FLORIDA FRUIT & PRODUCE CO. et al.**

Nos. 87 F.Cr., 6260 J.Cr., 6259 J.Cr.

District Court, S. D. Florida, Jacksonville Division.

March 13, 1940.

66

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and William A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., and Robert L. Stern, Brunson MacChesney, Shelby Fitze, and H. Douglas Weaver, Sp. Assts. to the Atty. Gen., for plaintiff.

Lawrence R. Milton, John W. Harrell, J. Turner Butler, and John E. Mathews, all of Jacksonville, Fla., for defendants.

STRUM, District Judge.

Defendants, charged by indictment with various offenses under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., usually called the Federal Wage and Hour Law, challenge the constitutional validity of said act. The principal contentions are that the indictments do not charge that the defendants are engaged in interstate commerce; that the act deprives defendants of their "liberty" of contract without due process of law; and that regulation of wages and hours is not amongst the powers granted to Congress.

Based upon the most recent authoritative interpretation of the due process and interstate commerce clauses in the cases hereinafter cited, the court holds that said act is a valid exercise of federal legislative power, involving no denial of due process, and that the indictments charge offenses thereunder.

The Supreme Court now holds that the production or sale of commodities "for" transmission in interstate commerce, as charged in the indictments in the language of the act, is subject to federal regulatory power under the commerce clause, Const. art. 1, § 8, cl. 3, though the defendants' activities in connection with such production or sale, when isolated, are confined to a single state, and even though the production or sale of goods destined for interstate commerce are commingled with similar transactions which remain purely local in character.

The criterion is, not whether defendants' activities are confined wholly within state lines, but whether or not such activities, though local in character when isolated, bear such a close and substantial relation to interstate commerce that injurious practices therein will burden, affect, injure or obstruct interstate commerce.

Any reasonable regulation "which is intended to foster, protect and conserve that [interstate] commerce, or to prevent the flow of commerce from working harm to the people of the nation, is within the competence of Congress." Mulford v. Smith, 307 U.S. 38, 47, 59 S.Ct. 648, 652,

83 L.Ed. 1092, 1099; National Labor Relations Board cases, National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Santa Cruz Fruit Packing Co. v. National Labor Relations Board, 303 U.S. 453, 58 S.Ct. 656, 82 L.Ed. 954, 955; United States v. Rock Royal, etc., 307 U.S. 533, 568, 59 S.Ct. 993, 83 L.Ed. 1446, 1467; Currin v. Wallace, 306 U.S. 1, 10, 59 S.Ct. 379, 83 L.Ed. 441, 448; National Labor Relations Board v. Fainblatt, 306 U.S. 601, 59 S.Ct. 668, 83 L.Ed. 1014. Under the interpretation of the due process clause in the cases last cited, enforcement of said act will not deny due process. The reasons are so fully explained in these cases that it is unnecessary to repeat them here.

Of course, the question whether or not the defendants, as charged in the indictments, are in fact engaged in interstate commerce, is an open question of fact to be determined from the evidence, interpreted in the light of the above-cited cases.

As to the objection that the statute, by prescribing minimum wages and hours in industry, deprives defendants of liberty of contract without due process of law, contrary to the Fifth Amendment, see West Coast Hotel Company v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330, sustaining a state statute prescribing minimum wages for women and minors as against the same objection based upon the Fourteenth Amendment, and Townsend v. Yeomans, 301 U.S. 441, 57 S.Ct. 842, 81 L.Ed. 1210, sustaining, as against like objection, a state statute prescribing maximum charges for handling and selling leaf tobacco. See, also, the "Minimum Wage" decisions cited in Kent Stores of New Jersey v. Wilentz, D. C., 14 F.Supp. 1, text page 4. Cf. Nebbia v. People of State of New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940, 89 A.L.R. 1469.

In the West Coast Hotel Company case, the Supreme Court said [300 U.S. 379, 57 S.Ct. 581, 81 L.Ed. 703, 108 A.L.R. 1330]: "The Constitution does not speak of freedom of contract. It speaks of liberty and prohibits the deprivation of liberty without due process of law. * * * But the liberty safeguarded is liberty in a social organization which requires the protection of law against the evils which menace the health, safety, morals, and welfare of the people. Liberty under the Constitution is thus necessarily subject to the restraints of due process, and regulation which is reasonable in relation to its subject and is adopted in the interests of the community is due process. * * * 'Freedom of contract is a qualified, and not an absolute, right. * * * Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community.' * * * This power under the Constitution to restrict freedom of contract * * * between employer and employee is undeniable. * * * In dealing with the relation of employer and employed, the Legislature has necessarily a wide field of discretion in order that there may be suitable protection of health and safety, and that peace and good order may be promoted through regulations designed to insure wholesome conditions of work and freedom from oppression."

Demurrers to indictments overruled.