**BERGER v. CLOUSER et al.**

**No. 505.**

District Court, M. D. Pennsylvania.

Dec. 31, 1940.

Michael P. Keegan, of Scranton, Pa., for plaintiff.

James K. Peck, of Scranton, Pa., for defendants.

JOHNSON, District Judge.

This is a civil action under section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), by Max Berger in his own behalf and as agent for 21 other persons, against the Crystal Coal Company, to recover unpaid overtime compensation and an additional equal amount as liquidated damages. Defendants have filed a motion to dismiss, stating seven grounds in support of their motion. The various reasons will be separately considered.

I. Defendants contend that "the Act upon which suit was brought is unconstitutional in that it is a violation of the Fifth Amendment to the Constitution of the United States". This has been decided otherwise by the courts. Jacobs v. Peavy-Wilson Lumber Co., Inc., D.C., 33 F.Supp. 206; United States v. Walters Lumber Co. et al., D.C., 32 F.Supp. 65; Andrews v. Montgomery Ward & Co., Inc., et al., D.C., 30 F.Supp. 380.

II. Defendants contend that "the Act upon which suit was brought is unconstitutional in that it is a violation of the Tenth Amendment to the Constitution of the United States". This has been decided to the contrary by the courts. Morgan v. Atlantic Coast Line R. Co., D.C., 32 F.Supp. 617.

III. Defendants contend that "the Act is unconstitutional in that it is not an act to regulate commerce within the meaning of Article I, Section 8 of the Constitution of the United States". The courts have held to the contrary on this issue. Opp Cotton Mills, Inc. v. Administrator of Wage and Hour Division of Department of Labor, 5 Cir., 111 F.2d 23; Pickett et al. v. Union Terminal Co., D.C., 33 F.Supp. 244; Morgan v. Atlantic Coast Line R. Co., D.C., 32 F.Supp. 617; United States v. Walters Lumber Co. et al., D.C., 32 F.Supp. 65; Andrews v. Montgomery Ward & Co., Inc., et al., D.C., 30 F.Supp. 380.

IV. Defendants contend that "the Court has no jurisdiction because there is no diversity of citizenship alleged as required by Article III, Section 2 of the Constitution of the United States". The courts have held that in suits of this nature the District Courts of the United States have jurisdiction under section 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8), regardless of diversity of citizenship of the parties. Fishman v. Marcouse, D.C., 32 F. Supp. 460.

V. Defendants contend that "the Court lacks jurisdiction because the amount sued for is less than the jurisdictional requirement of the laws of the United States". The courts have held that in suits of this nature the District Courts of the United States have jurisdiction under section 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8), regardless of the amount involved. Fishman v. Marcouse, D.C., 32 F.Supp. 460; Lengel et al. v. Newark Newsdealers Supply Co., D.C., 32 F.Supp. 567; Campbell v. Superior Decalcominia Co., Inc., D.C., 31 F. Supp. 663.

VI. Defendants contend that "the Court lacks jurisdiction over the subject matter of the suit and the persons of the defendants because the subject matter pertains only to local contracts for labor between citizens of the same state". For the purpose of a motion to dismiss the complaint, all facts well pleaded in the complaint must be accepted as true and correct. Butler v. Davies, 10 Cir., 109 F.2d 88; Weeks v. Denver Tramway Corp., 10 Cir., 108 F.2d 509.

Paragraph 7 of the complaint alleges that the employment of plaintiffs for work weeks in excess of 44 hours (from October 24, 1939, 42 hours) without compensating them at a rate not less than one and one-half times the regular rate at which they were employed was in violation of section 7 of the Act, 29 U.S.C.A. § 207.

Section 7 of the Act provides:

"Sec. 7 [§ 207]. (a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, or

"(3) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

The question then to be decided is whether the plaintiffs were employees who were engaged in interstate commerce or in the production of goods for interstate commerce.

Section 3 (b) of the Act provides: "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof".

Section 3(j) of the Act provides: "'Produced' means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Act [chapter] an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State".

Paragraph 3 of the complaint reads: "Defendants are partners and at all times hereinafter mentioned were engaged in the preparing and marketing of anthracite coal for interstate commerce at Dunmore, Pennsylvania. Substantially all of the coal produced by defendants during the times hereinafter mentioned has been prepared for interstate commerce and has been sold, offered for transportation, transported, shipped and delivered in interstate commerce from the defendants' mine at Dun-

more, Pennsylvania, to various points outside the State of Pennsylvania".

Paragraph 6 of the complaint reads: "In such business, defendants, from June 14, 1939, to October 31, 1939, employed plaintiffs as laborers, pump runners, timekeepers, maintenance men, jig runners, slate pickers, watchmen and loaders. The functions performed by plaintiffs were an essential part of the preparing and marketing of anthracite coal and were operations necessary to produce the coal for commerce".

The plaintiffs in their complaint must state sufficient facts to bring themselves within the jurisdiction of the court. This means that here they must show that they, as employees, are within the scope of the Fair Labor Standards Act. Bagby v. Cleveland Wrecking Co., D.C., 28 F.Supp. 271; Gates v. Graham Ice Cream Co., D.C., 31 F.Supp. 854.

Plaintiffs have sustained the burden imposed on them. If the allegations of the complaint are accepted as true, defendants are engaged in the production of goods for interstate commerce and in that production the operations of plaintiffs were an essential and necessary part. From the pleadings it is therefore clear that the Crystal Coal Company and these employee plaintiffs were engaged in operations specifically within the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. For discussion on this point, see Bagby v. Cleveland Wrecking Co., D.C., 28 F.Supp. 271; Gates v. Graham Ice Cream Co., D.C., 31 F.Supp. 854; Foster v. National Biscuit Co., D.C., 31 F.Supp. 552; United States v. Walters Lumber Co. et al., D.C., 32 F.Supp. 65; Pickett v. Union Terminal Co., D.C., 33 F.Supp. 244; Sunshine Mining Co. v. Carver, D.C., 34 F.Supp. 274; Sunshine Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263.

VII. Defendants contend that "the Act is unconstitutional in that it is a violation of Article IX of the Constitution of the United States". This point defendants have not pressed nor argued. There is no Article IX in the Constitution of the United States.

For the foregoing reasons it is now ordered that defendants' motion to dismiss this complaint be, and the same is hereby, refused and denied, and defendants are ordered to answer the said complaint within twenty days after receipt of a copy of this order.