## MARTIN v. LAIN OIL & GAS CO.
### No. 354.

District Court, E. D. Illinois.

Jan. 10, 1941.

Beasley & Zulley, of East St. Louis, Ill., and Charles M. Hay, S. D. Flanagan, and Carroll J. Donohue, all of St. Louis, Mo., for plaintiff.

Stone & Taylor, of Bloomington, Ill., and Baker, Lesemann, Kagy & Wagner, of East St. Louis, Ill., for defendant.

Samuel P. McChesney, Acting Regional Atty., U. S. Department of Labor, Wage and Hour Division, of St. Louis, Mo., amicus curiæ.

WHAM, District Judge.

This is a suit by plaintiff for himself and others for whom he is an alleged agent to collect wages alleged to be due by defendant under the facts stated in the complaint, by virtue of the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The suit involves less than $3,000, and diversity of citizenship does not appear from the allegations of the complaint.

The jurisdictional allegation in the complaint is as follows: "Jurisdiction of this case is conferred upon this Court by Section 41(8) of Title 28 of the United States Code for the reason that this suit is a civil action at law arising under a law of the United States regulating interstate commerce, since it arises under the statute of the United States enacted June 25, 1938, entitled 'The Fair Labor Standards Act of 1938' (Chapter 676, Section 1, 52 Stat. 1060)."

Summons was issued, returnable within twenty days after service, and was served by the United States Marshal upon the secretary of the defendant at Centralia, Illinois, on October 19, 1940.

On the twentieth day after said service, that is, on November 8, 1940, defendant filed its motion to dismiss the action, entering its appearance for the purpose, for lack of jurisdiction of the subject matter and of the parties for the following reasons:

"1. The action is not an action in which jurisdiction is conferred upon the Federal Courts by Section 41, subsection 8, Title 28, United States Code Annotated.

"2. The complaint filed does not disclose a diversity of citizenship.

"3. The complaint as filed does not disclose that the sum involved is within the jurisdiction of the Federal Court.

"4. The complaint does not disclose that the defendant is engaged in Interstate Commerce."

Four days later, that is, on November 12, 1940, by leave of court, defendant filed a paper in the suit entitled "Additional Grounds to Dismiss for Want of Jurisdiction" and reading, in part,

"* * * and suggests the following Additional Grounds for Motion to Dismiss for lack of jurisdiction of the subject matter and the parties heretofore filed.

"(5) The complaint does not disclose the residence of the defendant nor within what jurisdiction it is an inhabitant.

"(6) The defendant in fact is an inhabitant and resident of the Southern Division, Southern District of Illinois, with its office and principal place of business at 410½ S. Fifth Street, Springfield, Illinois."

Attached to and filed with said last-mentioned paper was the affidavit of one of defendant's attorneys "that the office and principal place of business of the said Lain Oil and Gas Company is designated by its charter to be in the City of Springfield, Sangamon County, Illinois, where the office

and principal place of business is in fact located."

On November 12, within five days of the filing of its motion to dismiss, as required by local rule of court, defendant filed its brief in support of its motion, including the additional grounds filed on November 12, as aforesaid, urging in its brief, among other grounds for dismissal, improper venue, under the provisions of U.S.C. Title 28, sec. 113, 28 U.S.C.A. § 113. The answering briefs of counsel for the plaintiff, a brief amicus curiae in support of the court's jurisdiction, and the reply brief of the defendant were filed in regular order. The case is now before me on defendant's motion to dismiss, in light of said briefs.

The facts concerning defendant's charter and the location of its office and principal place of business, as set forth in said affidavit of defendant's counsel, have not been controverted by counter affidavits, or otherwise questioned.

Upon consideration, I am of the opinion that all of the reasons in support of defendant's motion to dismiss set up in its motion as filed on November 8 are inadequate. It clearly appears from the allegations of the complaint that the defendant is engaged in the production of oil or other products for interstate commerce and that the plaintiff and those for whom he brings this suit were so engaged as employes of the defendant at the times on which the complaint is based. A corporation and its employes who are actually engaged in the production of goods for interstate commerce are clearly within and bound by the specific terms and provisions of the Fair Labor Standards Act of 1938, U.S.C. Title 29, sec. 201, et seq., 29 U.S.C.A. § 201 et seq.

That said act is a regulation of interstate commerce seems apparent from a consideration of its constitutional basis and the necessary effect of its administration and enforcement in accordance with its provisions. The published opinions of the courts that have been required, either directly or indirectly, to consider the question are in general accord that the said act is a regulation of interstate commerce. Campbell v. Superior Decalcominia Co., D.C.N.D.Tex., 1940, 31 F.Supp. 663; Gates v. Graham Ice Cream Co., D.C.Neb., 1940, 31 F.Supp. 854; Rogers v. Glazer, D.C.W. D.Mo., 1940, 32 F.Supp. 990; Lengel v. Newark Newsdealers Supply Co., D.C.N.J.,

1940, 32 F.Supp. 567; Fishman v. Marcouse, D.C.E.D.Pa., 1940, 32 F.Supp. 460; Andrews v. Montgomery Ward & Co., D. C., 30 F.Supp. 380; Opp Cotton Mills v. Administrator of Wage, etc., 5 Cir., 111 F. 2d 23.

In so far as the opinion in Robertson v. Argus Hosiery Mills, Inc., D.C., 32 F. Supp. 19, expressed a different view it is contrary to the weight of authority, and, as I believe, fails to give full consideration to the unavoidable effect of the administration of the act in accordance with plain terms.

The said act being a law regulating commerce, the jurisdiction of the court arises under section 41, subsection (8) of Title 28, U.S.C., 28 U.S.C.A. § 41(8), as stated in the jurisdictional allegations of the complaint. Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092. Diversity of citizenship between the parties and the involvement of an amount in excess of $3,-000 are not jurisdictional requisites. U.S. C. Title 28, sec. 41, subsec. 1, 28 U.S.C.A. § 41(1).

Additional ground No. 6 in support of plaintiff's motion to dismiss based on U.S.C. Title 28, sec. 113, 28 U.S.C.A. § 113, raises a question of venue only. The Roosevelt, D.C., 23 F.Supp. 620. Additional ground No. 5 based on the failure of the complaint to disclose the residence of the defendant and the jurisdiction within which it is an inhabitant is insufficient ground for dismissal in view of the fact that the only valid ground for dismissal presented by the motion is improper venue. The law is that improper venue is an affirmative dilatory defense and plaintiff is not required to include in his complaint allegations showing the venue to be proper. Moore's Federal Practice, secs. 8.02, 8.05.

Additional ground No. 6 in support of the motion to dismiss shows that the defendant is an inhabitant and resident of the Southern Division, Southern District of Illinois, with its office and principal place of business in that district. That being true, the proper venue lies in the Southern District of Illinois. U.S.C. Title 28, sec. 113, 28 U.S.C.A. § 113; Gorman v. A. B. Leach & Co., D.C., 11 F.2d 454; Moore's Federal Practice, sec. 19.01. Neither the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, nor the Civil Practice Act of Illinois, Ill. Rev.Stat.1939, c. 110, § 125 et seq., has af-

fected or changed the application of said sec. 113.

Plaintiff insists that by not raising the objection of improper venue in its motion, as originally filed, wherein only the general jurisdiction of the court over the subject matter and parties to the suit was attacked, defendant waived his right to object to the venue and the subsequent filing of the objection as an additional ground of dismissal came too late.

That the defendant may waive his objection to venue, either expressly or by failure to make timely objection, is well understood. Moore's Federal Practice, secs. 4.09, page 284, and 8.05, page 470. But such objection does not come late and is not waived because joined in a motion to dismiss with other defenses and objections under Rule 12(b) of the Federal Rules of Civil Procedure. Then, too, the trial court has reasonable discretionary control over the case in matters of appearances and timely pleading. Chesapeake & O. R. Co. v. Coffey, 4 Cir., 37 F.2d 320.

Here the objection to venue was filed by leave of court before the motion or any phase of it had been presented to the court and before defendant's brief in support of its motion was due under rule of court. When filed, defendant's original brief discussed and urged its objection to the venue.

Under the circumstances here, as already set forth, I am of the opinion that defendant did not waive or come too late with its objection to improper venue in this case. The spirit of Rule 12 of the Federal Rules of Civil Procedure, as it seems to me, is opposed to the technical waiver of claimed jurisdictional and procedural rights, including venue, by omission from the motion as originally filed so long as they are thereafter made part of the motion by leave of court and the entire motion is presented to the court in due time under said Rule 12(b). Here, all grounds, including the additional grounds filed by leave of court four days after the filing of the motion in its original form, were presented as a single motion. No delay resulted and no rights of plaintiff were lost or endangered by the lapse of four days before the additional grounds were made part of the defendant's motion to dismiss.

The cause must be and is hereby dismissed for improper venue.