## LA GUARDIA v. AUSTIN–BLISS GENERAL TIRE CO., Inc.

District Court, S. D. New York.

Oct. 20, 1941.

Seymour Baskind and Stanley Osserman, both of New York City (Anthony Battaglia and Theodore F. Tonkonogy, both of New York City, of counsel), for plaintiff.

Kenneth Chandler Schwartz, of Mount Vernon, N. Y., for defendant.

BRIGHT, District Judge.

Plaintiff moves to strike from the defendant's answer the denial of the allegations of paragraph II of the complaint and also the second and seventh affirmative defenses. The action is brought under the "Fair Labor Standards Act of 1938", U.S.C.A.Title 29, Sections 201–219, by the assignee of certain of defendant's employees to recover unpaid overtime compensation.

Paragraph II of the complaint alleges that jurisdiction is conferred upon the court by Section 41(8) of Title 28 of the U.S.C.A. and by Section 16(b) of the Act, Section 216(b) of Title 29 U.S.C.A. It is clear that this court has jurisdiction. The Act is one that regulates commerce. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285; Campbell v. Superior Decalcominia Co., D.C., 31 F.Supp. 663; Fishman v. Marcouse, D.C., 32 F.Supp. 460; Townsend v. Boston & M. R. R., D.C., 35 F.Supp. 938; Berger v. Clouser, D.C., 36 F.Supp. 168; Lefevers v. General Export Iron & Metal Co., D.C., 36 F.Supp. 838; Britt v. Cole Drug Co., D.C., 39 F.Supp. 90. The denial of this paragraph is no more than a denial of a conclusion of law. It is not necessary that such denial be retained in order that defendant may raise the question of jurisdiction by proof, if there is any such question in the case. The rules provide for the manner in which the question may be raised. The contention that jurisdiction is lacking because plaintiff sues as assignee does not, in my opinion, have any merit. The Act permits the maintenance of the action by one designated as agent or representative in behalf of the employees affected. An assignee, in my opinion, is such an one. Spiller v. Atcheson, T. & S. F. Railway, 253 U.S. 117–135, 40 S.Ct. 466, 64 L.Ed. 810; Edmonds v. Illinois Central R. Co., C. C., 80 F. 78.

The second defense is that the complaint fails to state a claim against the defendant upon which relief can be granted. The Act seeks to remedy labor conditions which Congress finds exist in industries engaged in commerce among the several states or from any state to any place outside. The complaint alleges the engagement of defendant in such commerce. Paragraphs IV to VII. It alleges the employment of certain of defendant's employees in that commerce. Paragraph VIII. The Act prohibits employment in such commerce for more than forty-four hours during the first year from the effective date of the Act, or for more than forty-two hours during the second year or for more than forty hours

during the third year. Section 207. The complaint alleges a violation. Paragraph IX. Section 216(b) provides that any employer who violates the provisions of Section 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in a additional equal amount as liquidated damages, and that action to recover the same may be maintained in any court of competent jurisdiction by the employees or by their agent and representative duly designated by them. This action is brought pursuant to the last named section. The complaint amply states a cause of action and the defense, therefore, has no standing in law. The recovery of liquidated damages is not by way of penalty but is additional compensation to the employees for being illegally deprived of their overtime. Robertson v. Argus Hosiery Mills, supra; Townsend v. Boston & M. R. R., supra; Berger v. Clouser, supra; Hargrave v. Mid-Continent Petroleum Corp., D.C., 36 F.Supp. 233. `

■ The seventh defense is that the Wage and Hour Administration has directed that said Act should not apply to the industry in which the defendant is engaged until July 1, 1941, and that all previous infringements of said Act, if any, should not be considered violations of the law. Section 207 of the Act, claimed by the complaint to have been violated, provides that that section shall take effect upon the expiration of one hundred and twenty days from the date of the enactment of the chapter, which was June 25, 1938. One hundred and twenty days thereafter would be October 23, 1938. The violations sued for in the complaint are between October 24, 1938, and March 15, 1941. The Act itself does not authorize either the Administrator to be appointed thereunder, or the Wage and Hour Division, to modify or change the date when the Act would become effective. It does not, as pleaded, authorize "the Wage and Hour Administration" to direct "that the said Act shall apply to the industry in which the defendant is engaged commencing July 1, 1941, and that all previous infringements of said Act, if any, shall not be considered violations of this law". It does provide for the appointment of an Administrator who shall appoint employees to carry out the functions and duties under the chapter, who shall also make reports annually and recommenda-

tions for further legislation (Section 204); he may appoint an Industry Committee for each industry (Section 205), who may recommend from time to time the minimum rate of wages to be paid by employers affected by the Act, which recommendation may be disapproved by the Administrator, in which event it shall be referred again to the Committee, and which minimum wage rate shall not be made effective by order until after due notice properly published. Section 208. There is no person or body authorized to interfere with the section relating to hours of work. The Act provides for exemptions in certain instances specifically enumerated, and to "any employee to the extent that such employee is exempted by regulations or orders of the Administrator issued under section 214", which relates to learners, apprentices and handicapped workers. Section 215 expressly provides that after the expiration of the one hundred and twenty days mentioned, it shall be unlawful for any person to violate any of the provisions of Section 207. This last statement is inclusive, and obviously authorizes no one to consent to such a violation. This defense cannot be sustained. Lefevers v. General Export Iron & Metal Co., supra.

The motion to strike out is granted.