**SOTIRIOS AMPATIS et al. v. COMPANIA MARITIMA SAMSOC LTDA., S. A. et al.**

**THE ANDREAS.**

United States District Court
S. D. New York.

June 1, 1950.

Arkin, Lebovici & Kottler, New York City, Herbert Lebovici, New York City, of counsel, for libelants.

Frederick H. Cunningham, New York City, Victor S. Cichanowicz, Brooklyn, N. Y., of counsel, for respondent.

IRVING R. KAUFMAN, District Judge.

The respondent, Compania Maritima Samsoc Ltda., S.A. has excepted to the libel on the following grounds:

1. That the libelant, Ampatis, is not authorized under the Admiralty Rules to maintain this action on behalf of the other libelants named in the libel.

2. That the libelant, Ampatis, has no authority to act on behalf of the other libelants named in the libel and these libelants have not authorized him or his proctors to institute this action on their behalf.

3. That this court does not have the power or jurisdiction to compel the libelants named to become parties to this action.

4. That the libel fails to state facts sufficient to constitute a cause of action as to all the libelants except Ampatis on the ground that it fails to show that any of them either actually took a vacation or left the service of the S.S. Andreas so as to be entitled to claim the alleged vacation pay.

5. That the libelants designated as officers in the libel are not entitled to any re-

covery in this action under the laws of the Republic of Panama.

The first three exceptions are essentially the same, and they are objections to the joining in the action by the libelant Sotirios Ampatis of the other libelants, who are seamen and officers with allegedly similar claims for vacation pay against the respondent, but who have not brought actions against the respondent, nor authorized Ampatis to prosecute an action on their behalf.

Ampatis has stated three causes of action in his libel. In the first he seeks to recover vacation pay allegedly owed him for service aboard the S.S. Andreas under the Law of Panama. In the second cause of action he claims vacation pay for 69 other seamen and officers who served aboard the ship. In the third cause of action he seeks to recover penalties on his own behalf as well as on behalf of the others on the ground that the alleged failure to pay the vacation pay was an unlawful withholding of wages under Sections 596 and 597 of Title 46 U.S.C.A.

Section 604 of Title 46 U.S.C.A. provides that in a suit for wages by seamen, "all the seamen having cause of complaint of the like kind against the same vessel may be joined as complainants * * *". The previous statute from which Section 604 is derived provided that the seamen "shall" be joined as complainants, instead of the permissive "may". See Reed v. Hussey, 1836, 20 Fed.Cas. 440 at page 446, No. 11,646.

This Section appears to have established a special rule in seamen's actions for wages, see Oliver v. Alexander, 1832, 6 Pet. 143, 31 U.S. 143, 8 L.Ed. 349, and though there is a dearth of authority on the subject, it has been held that "it is permissible practice for one or more members of a crew to sue in admiralty on behalf of other members similarly situated" without their authorization. The Roosevelt, D.C. S.D.N.Y. 1938, 23 F.Supp. 620, 622. This Court is in accord with that decision.

The fourth exception to the libel is overruled. The libel sufficiently states a claim for vacation pay owing. It does not appear necessary that vacations be actually taken to entitle the libelants to vacation pay under Panamanian Law. Furthermore paragraph 7 of the libel alleges that at least some if not all of the libelants have been discharged and have not received vacation pay, which would grant them sufficient cause of action.

As to the fifth exception, officers aboard a vessel are merely excluded from the definition of "seamen" in Article 149 of the Labor Code of Panama. Article 170 of the Labor Code, under which libelants claim, provides vacation pay for "workers". It should be noted that Article 149 also uses both the term "workers" and "seamen" and they appear not to be synonymous as so used. The Court, therefore, cannot say at this time that officers aboard ship are not entitled to vacation pay under Article 170. The fifth exception is overruled.

Settle order in accordance with this decision.