**TOTOLOS et al. v. COMPANIA DE NAVE-GACION CRISTOBAL, S. A. et al.**
**THE IONIAN MARINER.**

No. 166–55.

United States District Court
S. D. New York.

Nov. 22, 1950.

---

Arkin, Lebovici & Kottler, New York City, by Herbert Lebovici, New York City, for libelants.

Christy George Peters, New York City, by Emanuel Redfield, New York City, for respondents.

GODDARD, District Judge.

Exceptions to the libel and certain interrogatories.

The libel contains three alleged causes of action. The First—for vacation pay accumulated by Totolos while serving as a seaman aboard the vessel Ionian Mariner between November 2, 1949 and July 15, 1950. Second—for penalties allegedly due Totolos for failure to pay the vacation pay alleged to be due in the First

Cause of action. In the Third Cause of action libelant seeks to recover similar wages and vacation pay for all other seamen who served on board the Ionian Mariner between November 2, 1949 and July 15, 1950, and who were discharged prior to July 15, 1950.

The only libelant named is Totolos himself. Indeed, it is apparent from his proposed interrogatories that he does not know who the other seamen were; none have joined in the suit nor does it appear that he has been authorized by any of them to bring suit in their behalf. There is no allegation of the existence of a common fund for all the seamen or undertaking or obligation to pay them jointly.

The respondents except to the Third Cause of action on the ground that Totolos has not been authorized to sue in behalf of the other seamen and on the ground "That the facts set forth in the third cause of action do not state a good cause of action as a matter of law in favor of seamen who might join this action."

Libelant urges that statutory authority for this Third Cause of action is found in Title 46 U.S.C.A. § 604, which refers to suits for wages and reads in part as follows:

" * * * In such suits all the seamen having cause of complaint of the like kind against the same vessel may be joined as complainants * * *".

It is apparent that this statute merely *permits* joinder by seamen with like causes of action. It does not permit one seaman to bring suit for another with or without permission. It permits joinder—not representation.

Libelant contends that the fact that this statute prior to its amendment in 1898 used the word "shall" instead of "may" indicated that before the amendment, seamen were required to join other seamen similarly situated and that since the amendment such procedure is permissible. Reed v. Hussey, 20 Fed.Cas. page 440, No. 11,-646 is cited by libelant in support of his contention. That case was decided before the amendment and merely holds that any seaman could join in summary petition, and enjoy the advantages of a prosecution instituted by a shipmate; that such joinder was not imperative but if a seaman institutes a separate action, the Act "takes away all equity to costs". Oliver v. Alexander, 6 Pet. 143, 31 U.S. 143, 8 L.Ed. 349, is also cited by libelant. But that case held that seamen *may* join in one action. Mr. Justice Story stated in the court's opinion that it would be "unjust and oppressive" to compel seamen to file joint libels; that the claim of each seaman "is in its nature and character distinct and independent."

Libelant's brief states that in two instances judges of this court have held that it is permissible practice for a member of a crew to sue in admiralty for wages claimed to be due him and in behalf of all other members of the crew similarly situated without authorization from the other members. Libelant refers to The Roosevelt, D. C.1938, 23 F.Supp. 620 and Ampatis v. Compania Maritima Samsoc, D.C.1950, 92 F.Supp. 171, 1950 A.M.C. 1140. It is true that in Judge Patterson's published opinion in the Roosevelt case, he did hold that this was permissible practice. But, upon examination of the record in the Roosevelt case, it appears that, upon re-argument, D.C., 94 F.Supp. 698. Judge Patterson reversed his reported decision and held that the libelant "must plead authority to represent other claimants". Since the motion for re-argument and his final decision were not then published, they escaped the attention of Judge Irving Kaufman who decided the Ampatis case and who relied upon the original and reported decision in the Roosevelt case as a precedent.

Fellow members of the crew may join in a suit for wages brought by a shipmate but suit may not be brought in their behalf unless authorized by them. See The Anchoria, D.C., 9 F. 840.

The exception to the Third Cause of action is sustained and the Third Cause of action is dismissed.

Interrogatories Numbers 2, 3, 4 and 5 relate to the Third Cause of action and the exceptions to them are sustained.

Settle order on notice.