FLEMING, Adm'r of the Wage and Hour Division, v. PEARSON HARDWOOD FLOORING CO.

Civil Action No. 106.

District Court, E. D. Tennessee, N. D.

March 22, 1941.

the books and documents introduced in evidence and the entire record in the case, and after hearing arguments of counsel, the court makes and files the Findings of Fact, Conclusions of Law and Order for Judgment hereinafter set forth.

### Findings of Fact.

I. The defendant is, and at all times since October 24, 1938, the effective date of the requirements as to minimum wages and overtime compensation established by the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., has been, a corporation duly organized and existing under and by virtue of the laws of Tennessee, having its principal office, place of business and a manufacturing plant at Oneida, Tennessee, and being there engaged in producing, selling and distributing hardwood flooring and other lumber products.

II. A substantial part of the goods produced and handled by the defendant's employees in and about its Oneida Plant, during each workweek since October 24, 1938, has been shipped or transported into and through states other than Tennessee, or has been sold or delivered with knowledge that shipment or distribution thereof in other states was intended.

III. Since prior to October 24, 1938, Milas Ray has been employed by the defendant as a night watchman, to guard its aforesaid plant and the inventories thereabout which the defendant expected to, and which did, move in interstate commerce. According to the testimony of the defendant's president, Ray was consistently required or permitted to remain on duty at least 12 hours a night, 7 nights a week; for which he received a total of not more than $22.50 semi-monthly.

IV. The defendant's payroll records and time accounts, which were received in evidence and not contradicted in this respect, show that various employees of the defendant from time to time worked in excess of 44 hours per week during the period from October 24, 1938, through October 23, 1939, and in excess of 42 hours per week during the period from October 24, 1939, to the date the complaint was filed herein; and that for such excess hours, said employees were compensated at the rate of one and one-half times the minimum wage then prescribed by the Fair Labor Standards Act of 1938. A number of these employees—including L. A. Robbins, Alvin Stone, Fred Posey, and J. R. King—were

Charles H. Livengood, Jr., and Jeter S. Ray, both of Nashville, Tenn., and Roy C. Frank, of Washington, D. C., all Attys. for United States Department of Labor, for plaintiff.

Harley G. Fowler, S. Frank Fowler, and William C. Wilson, all of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This cause duly came on for trial before me at Knoxville, Tennessee, on the 27th day of January, 1941.

Upon consideration of the pleadings filed herein, the testimony adduced at the trial,

employed at regular rates of pay greater than the statutory minima, but were compensated for such overtime work at less than one and one-half times their respective regular rates aforesaid.

V. Since October 24, 1938, and prior thereto, it has been the practice of the defendant to issue to its employees, both before and after the end of its semi-monthly pay-periods, scrip, or so-called "certificates of indebtedness" in lieu of cash wages. Such scrip has had no regular redemption date and was not uniformly negotiable at par. The defendant's employees customarily had to "shave" or discount the scrip in order to obtain cash or other value for it; and frequently found it necessary to pay prices in excess of the regular cash prices of local merchants in order to use the scrip in trade. The monetary disadvantage thus suffered by the defendant's employees, including many who were scheduled at rates of pay exactly equal to the statutory minima, amount in some instances to 15 per cent of the face amount of the scrip.

VI. During the period since October 24, 1938, it has been the practice of the defendant, in its payroll accounts, to credit itself with the price of lumber which it sold and furnished, and with the price of gasoline which J. P. Pearson (as sole proprietor of the Chief Service Station) sold and furnished, to its employees, many of whom were scheduled at rates of pay exactly equal to the statutory minima. The amounts so deducted by the defendant from wages payable to said employees included a small profit to the defendant on the lumber and a profit to Pearson on the gasoline. Pearson is the president of the defendant corporation and owns a controlling majority of its outstanding shares of capital stock.

VII. According to the undisputed evidence, the defendant's time and payroll records since October 24, 1938, show a 10 hour shift for Milas Ray, whereas in fact he customarily worked at least 12 hours, and reflect 6 hours as worked by A. V. Matthews on occasions when the defendant required or permitted the latter to remain on duty for 13 hours. In addition, the face of the defendant's corporate records introduced in evidence shows, during the period since the date last named:

(a) With respect to employees who worked overtime as defined by the Fair Labor Standards Act of 1938, failure to record (1) regular rate of pay and basis upon which wages were paid, (2) wages at regular rate of pay for each workweek, excluding extra compensation attributable to the excess of the overtime rate over the regular rate, and (3) extra wages for each workweek attributable to the excess of the overtime rate over the regular rate; and

(b) With respect to the above and other employees, failure to record (1) total hours worked and total wages paid for each workweek, and (2) deductions from stipulated wages at the cost of the item for which deduction was made, where such cost was less than the amount deducted.

VIII. The defendant has admittedly sold, shipped, delivered, transported and offered for transportation in interstate commerce from its plant at Oneida, Tennessee, to, into and through states other than Tennessee, goods produced in said plant since October 24, 1938. Such goods included flooring in the production of which workers were employed and paid by the defendant at rates less than those set forth in Sections 6 and 7 of the Fair Labor Standards Act of 1938.

IX. According to the testimony of the defendant's president, J. P. Pearson, the defendant has on hand hardwood flooring and other lumber products with a value of approximately $25,000. Said hardwood flooring and other lumber products were produced for interstate commerce, and in the production thereof workers were employed and paid by the defendant at rates less than those set forth in Sections 6 and 7 of the Fair Labor Standards Act of 1938.

### Conclusions of Law.

I. The court has jurisdiction of the parties hereto, and of the subject matter of this action. 29 U.S.C.A. § 217.

II. The defendant and its employees, at the times mentioned in the foregoing Findings of Fact and including the occupation of watchman, have been engaged in the production of goods for commerce, within the meaning and intent of the Fair Labor Standards Act of 1938. United States v. F. W. Darby Lumber Co., 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. ——, 132 A.L.R. 1430, 1941; Wood v. Central Sand & Gravel Co., D.C.W.D.Tenn., 33 F.Supp. 40, 1940; Lefevers v. General Export Iron & Metal Co., D.C.S.D.Tex.1940, 36 F.Supp. 838.

III. The minimum wage and overtime compensation prescribed by the Fair Labor Standards Act of 1938 must be paid

tu the employee in cash or by negotiable instrument payable at par, except as otherwise permitted by Section 3(m) of said Act. Louisville & Nashville R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297, 34 L.R.A.,N.S., 671, 1911; Morgan v. Atlantic Coast Line R. Co., D.C.S.D.Ga., 32 F. Supp. 617, 1940.

IV. In issuing scrip, which had no regular redemption date, was not negotiable at par and consequently usually resulted in the necessity for a discount before cash or its equivalent could be obtained therefor, to its employees who were employed at scheduled rates equal to the bare minima prescribed by Sections 6 and 7 of the Fair Labor Standards Act of 1938, as payment of their regular wages and overtime compensation, the defendant violated Sections 6, 7, and 15(a) (2) of said Act; there is no basis for a distinction under the facts here between scrip so issued at or after the end of the pay period and scrip issued prior thereto.

V. By paying to certain of its employees, who were engaged in the production of goods for interstate commerce, wages at rates less than 25 cents an hour during the period from October 24, 1938, through October 23, 1939, and at rates less than 30 cents an hour thereafter, the defendant has violated Sections 6 and 15(a) (2) of the Fair Labor Standards Act of 1938. 29 U.S.C.A. §§ 206, 215(a) (2).

VI. By paying to certain of its employees, who were engaged in the production of goods for interstate commerce, compensation at rates less than one and one-half times their regular rates of pay, for hours worked in excess of 44 per week during the period from October 24, 1938, through October 23, 1939, and for hours worked in excess of 42 per week during the period from October 24, 1939, to the date the complaint was filed herein, defendant has violated Sections 7 and 15(a) (2) of the Fair Labor Standards Act of 1938. 29 U. S.C.A. §§ 207, 215(a) (2).

VII. The defendant has violated Sections 7 and 15(a) (2) of the Fair Labor Standards Act of 1938, in the case of certain employees who were employed at regular rates of pay greater than the minima prescribed by Section 6 of said Act, by compensating such employees for hours in excess of 44 per workweek at rates not more than one and one-half times the statutory minimum during the period from October 24, 1938, through October 23, 1939; and by compensating such employees for hours in excess of 42 per workweek at rates not more than one and one-half times the statutory minimum during the period from October 24, 1939, to the date the complaint was filed herein.

VIII. The defendant has violated Sections 11(c) and 15(a) (5) of the Fair Labor Standards Act of 1938 by its failure to make, keep, and preserve records setting forth the information required to be recorded by regulations of the Administrator which became effective October 21, 1938, and amendments thereto; and, more particularly, by its failure as to various employees to show accurately and adequately: (1) Hours worked each workday and each work week, (2) regular rate of pay and basis upon which wages were paid, (3) wages at regular rate of pay for each workweek, excluding extra compensation attributable to the excess of the overtime rate over the regular rate, (4) extra wages for each workweek attributable to the excess of the overtime rate over the regular rate, (5) additions to cash wages at cost, or deductions from stipulated wages in the amount deducted or at the cost of the item for which deduction made, whichever was less, and (6) total wages paid for each workweek. It was not sufficient that certain of the above data could be computed from the information contained in such records as were kept by the defendant, or were otherwise ascertainable. Some of the defects may not constitute violations, but it is certainly a violation to fail to keep the workweek period with definiteness. 29 U.S.C.A. §§ 211(c), 215(a) (5); Code of Federal Regulations, Tit. 29, Ch. V, Part 516.

IX. The defendant has transported, offered for transportation, shipped, delivered, and sold in interstate commerce, goods in the production of which certain employees were employed in violation of Sections 6 and 7 of the Fair Labor Standards Act of 1938, contrary to the provisions of Section 15(a) (1) of the said Act. 29 U.S.C.A. § 215(a) (1).

X. The hardwood flooring and other lumber products of the defendant now in its possession, or unsegregated parts thereof, were produced in violation of Sections 6 and 7 of the Fair Labor Standards Act of 1938, and said hardwood flooring and other lumber products fall within the meaning and intent of the prohibitions set forth in Sec-

tion 15(a) (1) of the Fair Labor Standards Act of 1938. 29 U.S.C.A. § 215(a) (1).

XI. Upon the whole record, the plaintiff is entitled to relief sought in the complaint herein. 29 U.S.C.A. § 217.

#### Order for Judgment.

It is ordered that judgment be entered in accordance with the foregoing findings of fact and conclusions of law.