NORMAN E. RECK, Respondent, *v.* SAMUEL ZARNOCAY, Also Known and Doing Business as SAMMY KAYE, Appellant.

First Department, July 3, 1942.

*Leopold V. Eastman* of counsel [*Jerome Katz* with him on the brief], for the appellant.

*Maurice Millimet,* for the respondent.

*Jacob D. Hyman* of counsel for the Administrator of the Wage and Hour Division, United States Department of Labor, as *amicus curiæ.*

PER CURIAM. We are constrained, in view of the nature of plaintiff's duties and in light of the recent decisions on the subject, to hold that plaintiff was engaged in interstate commerce or the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act of 1938 (52 U. S. Stat. at Large 1060; U. S. Code, tit. 29, §§ 201–219). See *Kirschbaum Co.* v. *Walling* and *Arsenal Building Corp.* v. *Walling,* 316 U. S. 517, both decided by the United States Supreme Court on June 1, 1942; and *Stoike* v. *First National Bank of City of New York,* 264 App. Div. 585). However, an examination of the present record discloses no evidence to support the finding of the trial court that plaintiff was working under a contract of employment fixing forty-eight hours as the regular weekly employment. On the contrary, we find that the contract was for a weekly wage with variable or fluctuating hours. Therefore, the method of computing plaintiff's overtime was to find the hourly rate by dividing the agreed weekly wage by the actual hours worked each week, then to increase by fifty per centum the hourly rate thus found, and to multiply that figure by the number of overtime hours. (*Overnight Motor Transportation Co., Inc.,* v. *Missel,* 316 U. S. 572, decided by United States Supreme Court, June 8, 1942.)

The parties are hereby directed to compute plaintiff's overtime wages on the foregoing basis, and to submit new findings in accordance with this opinion, and this judgment is modified to the amount computed according to the formula set forth above.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.