ARTHUR H. STOIKE, Plaintiff, *v.* THE FIRST NATIONAL BANK OF
THE CITY OF NEW YORK, Defendant.

First Department, July 3, 1942.

*Robert S. Garson*, for the plaintiff.

*Lowell Wadmond* of counsel [*Oliver P. Scaife III* with him on the brief; *White & Case*, attorneys], for the defendant.

*J. D. Hyman*, of counsel for the Administrator of the Wage and Hour Division, United States Department of Labor, as *amicus curiæ*.

CALLAHAN, J.   This controversy concerns a claim by a workman for overtime compensation under section 7 of the Fair Labor Standards Act of 1938 (52 U. S. Stat. at Large 1060; U. S. Code, tit. 29, §§ 201–219).   The act provides that overtime compensation, as defined therein, must be given to any employee who is engaged in commerce or the production of goods for commerce.

Plaintiff was employed as a night porter in an office building situated at 2 Wall street, New York city, owned and operated by the defendant.

The stipulated facts require us to hold that the defendant was engaged in interstate commerce.

The building in which plaintiff worked is a twenty-one-story structure, the first four floors of which are occupied by defendant's

banking quarters. The remaining floors are rented to numerous tenants for office space. The nature of the activities conducted by these tenants is not disclosed in the stipulation, beyond the fact that they are listed as: " Canadian Securities," " Members N. Y. Stock Exchange," " Lawyer," " Coal Merchants," " Italian Bank Agency," etc., etc.

Under the law of this State we may not draw any inferences from agreed facts, except as they follow as a matter of law. (*Lafrinz* v. *Whitney*, 233 N. Y. 107.) Accordingly, we find nothing in the record to show that any of the tenants of the upper floors were engaged in interstate commerce, or producing goods for such commerce. This case, therefore, involves a situation where plaintiff's employer was engaged in commerce, but it is not a case where the employee was in anywise engaged in the production of goods for commerce. In this respect the present controversy differs somewhat from the cases recently decided by the United States Supreme Court (*Kirschbaum Co.* v. *Walling* and *Arsenal Building Corp.* v. *Walling*, 316 U. S. 517). The question to be decided in this controversy is whether the plaintiff, in view of the nature of the work which he performed, is to be deemed engaged in interstate commerce within the meaning of the act.

Comparison of the definitions of *interstate commerce* and *producing goods for commerce* (§ 3, subds. [b] and [j], respectively, as found in the Act) discloses that in defining *commerce*, Congress omitted to include the provision that any person " engaged * * * in any process or occupation necessary " to commerce is to be deemed engaged therein, though it did include that phraseology in defining the *production of goods for commerce*. Based on this difference in definition, defendant contends that, while the present plaintiff was engaged in the same class of work as were some of the workmen involved in the cases recently decided by the United States Supreme Court, cited above, these cited cases are not to be deemed precedents in the case before us.

The parties discuss at length the reasons motivating Congress in failing to elaborate upon the definition of " engaged in commerce " to the extent that it set forth the statutory meaning given to " production of goods for commerce." We are unable to find any sufficient explanation of the legislative action from a consideration of the debates in Congress to which we have been referred. But whatever may have been the reason for the omission of the clause in the instance referred to, we cannot conceive that it was the legislative intention by such omission to make any such substantial distinction between the two classes of employment as that which defendant now urges us to make.

Further, we hold that even if defendant's contention with respect to the manner in which the statute is to be construed is correct, plaintiff's employment bore a sufficiently close relation to defendant's banking business to justify the holding that he was engaged in commerce within the meaning of the act.

The objectives of the Fair Labor Standards Act demonstrate that its purpose was remedial in character, and thus it is to be liberally construed. (*United States* v. *Darby*, 312 U. S. 100, 109.) To place a narrower limitation on the extent to which employees engaged in commerce are covered by the act, compared with those engaged in the production of goods for commerce, unless clearly required to do so by the act, would be the application of a strict rather than a liberal rule of construction. The whole structure of the act indicates that its provisions as to minimum pay and maximum hours were to be applied alike to all persons included in the scope of the legislation.

In legislating with respect to commerce, Congress was covering a field which had long been the subject of similar action by it. Entry into the field relating to production of goods for commerce was of more recent origin. Congress may well have deemed a more precise definition was required as to what constituted employment in the new field than was required as to the old.

Defendant contends that the failure to define commerce other than by stating that it constituted " trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof " (§ 3, subd. [b] of the Act), which was substantially the same definition that was used in earlier statutes such as the Federal Employers' Liability Act prior to its amendment in 1939, requires reference to the authorities construing such prior acts in order to ascertain whether the present plaintiff is to be considered engaged in commerce. Even if we assume that defendant is correct in this contention, we think that reference to these authorities warrants a holding that the present plaintiff was engaged in commerce within the meaning of the Fair Labor Standards Act.

In construing the Federal Employers' Liability Act, the United States Supreme Court said, in substance, in the leading case of *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.* (229 U. S. 146), that the true test in determining whether one is employed in interstate commerce is whether the work in question was a part of the interstate commerce in which the employer is engaged. In that case the court held that one employed in maintaining a bridge then being used as an instrumentality of interstate commerce, was employed in such commerce. Following this reasoning, the same

court later held that a laborer who was removing snow from a railroad track and adjoining places for the protection of the roadbed of an interstate railroad, was engaged in interstate commerce. (*New York Central R. R. Co.* v. *Porter*, 249 U. S. 168.)

Our Court of Appeals made a like holding with respect to a workman engaged in cleaning up the yard of an interstate railroad. (*Matter of Quirk* v. *Erie R. R. Co.*, 235 N. Y. 405.)

Following the reasoning of these cases, we think that plaintiff's engagement in cleaning the banking offices was sufficiently connected with and essential to the carrying on of the commerce in which the bank was engaged, to include plaintiff as one engaged in said commerce. The use of the banking building by the defendant for interstate commerce facilitated the carrying on of that commerce. Plaintiff's work was in nowise remote in effectuating that use. While the new act makes this application depend upon the character of the employee's activities, and not those of the employer, we think that the employee's acts here were not so local in character, or so removed from the use of the bank building as part of the commerce, to require a holding that they were not to be deemed an engagement therein. A like holding appears to have been made in a similar case by the District Court for the Northern District of California in *Lorenzetti* v. *American Trust Co.* (45 F. Supp. 128).

In arriving at this determination, we are not unmindful of the recent decision of the Court of Appeals of this State in *Pedersen* v. *Fitzgerald Construction Co.* (288 N. Y. 687), rendered since the publication of the decisions of the United States Supreme Court in the *Kirschbaum* and *Arsenal* cases (*supra*). The Court of Appeals affirmed the judgment of the Appellate Division, Third Department (262 App. Div. 665), which held that an employee of an independent contractor who was constructing new abutments under bridges to be used to support the tracks of an interstate railroad was not engaged in interstate commerce within the meaning of the Fair Labor Standards Act. While the Court of Appeals decision was without opinion and we have no means of ascertaining the grounds upon which affirmance rested, we feel that the *Pedersen* case last referred to is distinguishable from the present case on the facts. In the cited case the construction work involved the erection of new abutments which, while they were eventually to support railroad bridges, apparently were not being used to support such superstructure nor the railroad bed during the course of the construction work. Here the defendant's banking space was being used by it in interstate commerce during the period of plaintiff's employment.

The facts stipulated show that plaintiff's work during fifteen of the weeks involved was for forty-eight hours per week. While the comparative amount of time spent in cleaning the banking office, and that spent in cleaning the remaining portions of the building varied during this period, we find that a sufficient portion of the time in each week was spent in cleaning the bank's offices so as to make the statute applicable during all of the period. The maximum number of hours permitted by the act during that period was forty-four hours a week. As plaintiff received an hourly wage of fifty-six and a quarter cents, on the basis of an agreed forty-eight hour week, he was entitled to $50.63 overtime for the period in question. Accordingly, we direct judgment for the plaintiff for that amount.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff in the sum of $50.63 overtime for the period in question. Settle order on notice.