**McLEOD v. THRELKELD et al.**

No. 10434.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1942.

---

Leon C. Levy, of Houston, Tex., for appellant.

John P. Bullington, of Houston, Tex., for appellees.

Irving J. Levy, Acting Sol., U. S. Department of Labor, and Mortimer B. Wolf, Asst. Sol., U.S. Department of Labor, both of Washington, D. C., and Llewellyn B. Duke, Regional Atty., U. S. Department of Labor, of Dallas, Tex., for amicus curiae.

Before HOLMES and McCORD, Circuit Judges, and STRUM, District Judge.

McCORD, Circuit Judge.

Appellant's action was for recovery of overtime compensation, liquidated damages, interest, and attorney's fees under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219.

Except for evidence touching the question of whether the employer's commissary "served other than railroad workmen", the facts are stipulated. The stipulated facts are carefully set out in the well-considered opinion of the trial court, McLeod v. Threlkeld, D.C., 46 F.Supp. 208, and no good purpose can be served by again setting them out here.

The employer was engaged in furnishing meals and beds to certain maintenance-of-way employees of a railroad. The meals were prepared and served and the beds were furnished in railway cars operating on the railroad's tracks by contract arrangement. Employees using the service paid for their own board.

Appellant was employed by appellee as cook on one of its commissary cars. His duties were to care for the car, prepare and serve meals, take care of the bedding, and keep records of the services furnished to the boarders. All of his duties were performed in Texas.

The stipulated facts clearly show that the cook was not engaged in the "production of goods for commerce", or in any "process or occupation necessary to the production thereof". He must, therefore, plant himself squarely on the contention that he was "engaged in commerce" within the meaning of Sections 6 and 7 of the Act. In this case, as in so many others involving application of the Act, the problem of the court is "one of drawing lines" and applying the Act to a particular fact situation.

In Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 1120, 86 L.Ed. 1638, the Supreme Court found the particular employees to be within the coverage of the Act because they were engaged "in occupations 'necessary to the production' of goods for commerce by the tenants". The same view was expressed in affirming this court's application of the Act to members of an oil well rotary drilling crew. Warren-Bradshaw Drilling Co. v. Hall et al., 63 S.Ct. 125, 87 L.Ed. —, decided November 9, 1942, affirming, 5 Cir., 124 F.2d 42. On the agreed facts, this case is different from those cases. Here the employee did not have "a close and immediate tie" with a process for production of goods for commerce, as did the employees involved in the Kirschbaum and Warren-Bradshaw cases. McLeod was not an employee of the railroad; he performed no services for the railroad, and the railroad exercised no authority over him. Compare Philadelphia, B. & W. R. Co. v. Smith, 250 U.S. 101, 39 S.Ct. 396, 63 L.Ed. 869, a case arising under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., where the employee-cook held to be within the coverage of that act was working for the railroad company and moving about from place to place as a member of a gang of bridge carpenters. The present case may be distinguished on its facts: McLeod merely cooked the meals, washed the dishes, and made the beds for boarders who worked for the railroad company. His activity was purely intrastate in character, being performed entirely within the State of Texas. The contention of the appellant, and of the Administrator of the Wage and Hour Division, as amicus curiae, seeks to extend the coverage of Sections 6 and 7 beyond the breaking point to cover a fact situation beyond the pale of the Fair Labor Standards Act. We think it clear that the stipulated facts establish without question that appellant was not *engaged in*

*commerce,* but was engaged in a purely local activity not covered by the Act. See Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172.

Our view of the case makes it unnecessary to express an opinion on the persuasive contention that under any view of the case appellee was a retail service establishment doing a wholly intrastate servicing business, and therefore within the exemption contained in Section 13(a)(2) of the Act.

Appellant was not "engaged in commerce" within the meaning and coverage of the Act.

The judgment is affirmed.