### JOHNSON v. MASONIC BLDG. CO.
#### Civil Action No. 179.

District Court, S. D. Georgia,
Augusta Division.

Dec. 16, 1942.

Judgment Affirmed Nov. 30, 1943.

Robert A. Persky, of Augusta, Ga., tor plaintiff.

W. Inman Curry, of Augusta, Ga., for defendant.

LOVETT, District Judge.

This is an action brought by employees of defendant under section 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., to recover unpaid minimum wages and overtime compensation with an additional equal amount as liquidated damages, as well as attorney's fees and costs.

Issue is joined as to the applicability of the act to the plaintiffs and as to the hours they worked during the periods of time involved.

Defendant owns and manages a six story building in Augusta, Georgia, known as the "Masonic Building". Plaintiffs are employed as elevator operators, janitors, firemen, etc., in the maintenance and management of the building. The building was constructed primarily for lodge rooms, etc., for the masons of the community. The highest two floors are occupied for these purposes. The other four floors are rented by the defendant to various tenants, i.e., insurance companies, railroad companies for freight and passenger solicitors, a lumber broker, a brick and tile company, and perhaps others, who are engaged in interstate commerce, and to retail stores, practicing lawyers, doctors, dentists and others who it is said are not engaged in such commerce. It is admitted no goods are produced for commerce within the building.

The controlling question is whether the act applies to employees performing services of the nature indicated. Whatever may be the view in other Circuits,[1] and notwithstanding some language in the Arsenal Building Corporation and Kirschbaum cases[2] that may seem to support a contrary conclusion, I am bound at this time by the decision of the Circuit Court of Appeals for the Fifth Circuit in the case of John-

---

[1] See Burton v. Zimmerman, 4 Cir., 131 F.2d 377, decided Nov. 9, 1942; Lorenzetti v. American Trust Co., D.C., 45 F.Supp. 128; Stoike v. First National Bank of New York, 264 App.Div. 585, 36 N.Y.S. 2d 390.

[2] Kirschbaum v. Walling (Arsenal Bldg. Corp. v. Walling), 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

528

son et al. v. Dallas Downtown Development Co., 132 F.2d 287, decided December 10, 1942,[3] where under similar facts it was held the employees were not within the coverage of the act.

There will be a judgment for defendant.

---

3 See also McLeod v. Threlkeld, 5 Cir., 131 F.2d 880, decided December 9, 1942.