GILBERTO VENERO, Plaintiff, v. A. A. HAGEMAN, INC., Defendant.

City Court of New York, Special Term, New York County, February 5, 1943.

*Middlebrook & Sincerbeaux* for defendant.

*Morris J. Norwick* for plaintiff.

BYRNES, Ch. J. This is a motion to dismiss for insufficiency on its face a complaint predicated upon alleged violation of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) The important allegations of the complaint, the sufficiency of which is tested on this motion, read as follows:

" SECOND: That at all the times hereinafter mentioned the defendant, in the course of its business, did engage in the production, sales and shipment of goods, wares and merchandise to all firms and corporations that were engaged in interstate commerce and said firms produced goods and merchandise to be shipped out of the State of New York.

" THIRD: That the plaintiff was employed by the defendant as an elevator operator in the furtherance of said business catering to firms dealing in interstate commerce."

These allegations should, on a motion of this character, be read as favorably to plaintiff as possible. But, however broadly construed, they mean no more than the defendant was engaged in " catering " (whatever that somewhat colorless word signifies) to firms which manufactured goods that moved in interstate commerce.

I cannot read the complaint as signifying that defendant produced goods which formed an ingredient or a part of other goods which went into interstate commerce. Nothing in the complaint suggests either that the goods produced by defendant were sold to others who in turn shipped the same outside of the State of New York or that defendant manufactured something which subsequently became incorporated into some product reaching interstate commerce. Plaintiff may have intended to suggest or allege this, but he has failed to do so and therefore I am of the opinion that his complaint is not sufficient in law.

If it should be shown that the goods manufactured by defendant were sold to other firms which incorporated them into a product moving in interstate commerce then it would follow, I think, that plaintiff was " engaged in commerce or in the production of goods for commerce " within the fair intendment of section 7 of the Fair Labor Standards Act (U. S. Code, tit. 29, § 207); and this is so even though plaintiff is not an employee working directly on the goods but merely running an elevator, for that occupation may justly be regarded as one which is necessary to the production of the goods. (Cf. *Allen* v. *Moe,* 39 F. Supp. 5; *St. John* v. *Brown,* 38 F. Supp. 385.)

There is a very interesting discussion of an analogous question by Mr. Justice WIENER of this court, Queens County division, in *Hewlett* v. *Del Balso Construction Corp.* (179 Misc. 856). Mr. Justice WIENER discusses the effect of *Kirschbaum Co.* v. *Walling* (316 U. S. 517); *Fleming* v. *Arsenal Building Corp.* (125 F. 2d 278); *Pedersen* v. *Fitzgerald Construction Co.* (288 N. Y. 687, affg. 262 App. Div. 665, affg. 173 Misc. 188). Also of interest in this connection is *Stoike* v. *First Nat. Bank of City of N. Y.* (264 App. Div. 585).

To the extent that questions of interpretation of the statute are left open in the decisions of the courts reference to interpretative bulletins issued by the Wage and Hour Division of the United States Department of Labor is appropriate. Administrative interpretations of a statute by those charged with its enforcement should not be lightly disregarded. (*Household Finance Corp.* v. *Goldring*, 263 App. Div. 524; *United States* v. *American Trucking Associations*, 310 U. S. 534; *Bumpus* v. *Continental Baking Co.*, 124 F. 2d 549.) In Interpretative Bulletin No. 5, dated November, 1939, paragraph 2, it is said:

" Employees are engaged in the production of goods ' *for* commerce ' where the employer intends or hopes or has reason to believe that the goods or any unsegregated part of them will move in interstate commerce. * * * The facts at the time that the goods are being produced determine [the applicability of the statute]." In Interpretative Bulletin No. 1, dated November, 1938, paragraph 5, it is said: " * * * the benefits of the statute are extended to such employees as maintenance workers, watchmen, clerks, stenographers, messengers, all of whom must be considered as engaged in processes or occupations ' necessary to the production ' of the goods. Enterprises cannot operate without such employees."

It is not necessary to seek the exact line of demarcation, as was said by Mr. Justice FRANKFURTER in *Kirschbaum Co.* v. *Walling* (*supra*, 520), " To search for a dependable touchstone by which to determine whether employees are ' engaged in commerce or in the production of goods for commerce ' is as rewarding as an attempt to square the circle." Insofar as the formulation of general principles may be helpful in this case, the views of this court have been stated above. Plaintiff does not make out a case by alleging that he ran an elevator for a firm that was engaged in catering to other firms which manufactured goods for interstate commerce. His relationship to

interstate commerce may be no closer than that of the employees in *Pedersen* v. *Fitzgerald Construction Co.* (*supra*). He should allege, it seems to me, that the goods manufactured by the firm for which he worked were sold to persons, firms or corporations who resold them in interstate commerce or incorporated them into merchandise which was sold in such commerce; and, moreover, he should be in a position to show, though it may not be necessary for him to allege it in the complaint, that when he was working for defendant, the latter intended or hoped or had reason to believe that his goods would move in interstate commerce. (Interpretative Bulletin No. 5, November, 1939, above quoted.)

The motion of the defendant to dismiss the complaint for insufficiency is granted, with leave to plaintiff to serve an amended complaint.

Order signed.