PHILLIPS et al. v. GRAHAM
AVIATION CO.

GRAHAM AVIATION CO. v. PHILLIPS
et al.

No. 11480.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1946.

Eugene Horne, of Americus, Ga., for appellants and cross-appellees, L. P. Phillips and others.

W. W. Dykes and S. H. Dykes, both of Americus, Ga., for appellee and cross-appellant.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment dismissing an action for recovery of overtime compensation, liquidated damages, and attorney's fees alleged to be due employees under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219. The controlling issue is whether the employment of appellants was within the coverage of the Act.

During the times in question, between December 18, 1941, and October 16, 1944, appellants were employed as guards and watchmen by the Graham Aviation Company at Souther Field in Sumpter County, Georgia. Their duties and responsibilities were the usual ones of guards and watchmen to protect and safeguard persons and property on the premises of the employer.

Under contract with the United States Government, Graham Aviation Company was engaged in the training of student fliers for service in the air forces of the nation. Students from various parts of the United States were assigned to the field by the military authorities. It is alleged that airplanes engaged in government service were frequently serviced and repaired at the field; that a canteen, which sold goods that had been procured from the channels of interstate commerce, was operated for the benefit of students; and that planes from the field frequently crossed state lines—some going to Pennsylvania where appellee maintained another training field.

Appellants contend that the stated facts establish: (1) that appellee was "conducting a business either in commerce or so closely related to commerce as to bring it within the provisions of the Fair Labor Standards Act"; and (2) that they, as employees, were "performing duties in commerce or so closely related to commerce" as to bring them within the coverage of the Act.

444

■ The Fair Labor Standards Act of 1938 affords coverage to those employees "engaged in commerce or in the production of goods for commerce". There is no issue as to the "production of goods for commerce", and appellants must stand or fall on the issue of whether they are "engaged in commerce". It is unnecessary to discuss whether appellee's business of training student fliers for the government and operating a flying field for that purpose can be considered interstate commerce, for under the Fair Labor Standards Act and the many decisions it is clear that in cases such as this the work of the particular employee is decisive. 29 U.S.C.A. §§ 206, 207; McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538, affirming 5 Cir., 131 F.2d 880; Jax Beer Company v. Redfern, 5 Cir., 124 F.2d 172. The work of these appellants was purely local in character; a mere guarding of the local airfield and the personnel and property thereon. On the facts of this case, a holding that such activity by appellants is "interstate commerce" would be stretching coverage beyond the breaking point to include a situation far beyond the pale of the Act. McLeod v. Threlkeld, 5 Cir., 131 F.2d 880, 881. Cf. Murphy v. Georgia Aero-Tech, D.C., 49 F.Supp. 982, Fleming v. Pearson Hardwood Flooring Co., D.C., 39 F.Supp. 300; LeFevers v. General Export Iron & Metal Co., D.C., 36 F.Supp. 838.

■ Appellants were not "engaged in commerce" within the coverage of the Act.

In view of our decision on the merits of the case, we deem it unnecessary to discuss the cross-appeal.

The judgment is affirmed.