**WILSON et al. v. RECONSTRUCTION FINANCE CORPORATION.**

No. 11767.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1946.

Rehearing Denied Jan. 13, 1947.

Robt. M. Lyles, of Angleton, Tex., for appellants.

Robert F. Campbell and Raymond A. Cook, both of Houston, Tex., for appellee

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellants, employees of the Defense Plant Corporation, brought this suit for overtime payments, liquidated damages, and attorney's fees, under the Fair Labor Standards Act, 29 U.S.C.A. § 216. After the passage of legislation [1] transferring all assets and imposing all liabilities of the Defense Plant Corporation to and upon the Reconstruction Finance Corporation, the last named corporation was substituted as party defendant.

The court below, in dismissing the suit, held that appellants were not engaged in commerce within the meaning of that term in the Fair Labor Standards Act. The correctness of this ruling is the sole issue presented by this appeal.

■ The facts are not in dispute. They may be briefly summarized as follows: The Dow Magnesium Corporation, as an independent contractor of the Defense Plant Corporation, built and operated a plant for the production of magnesium, and the Dow Chemical Company, as lessee of the Defense Plant Corporation, built and operated a plant for the production of styrene. Both plants were located in Brazoria County, Texas. All the magnesium produced and the greater part of the styrene produced were shipped in interstate commerce. Near the location of the two plants the Defense Plant Corporation acquired approximately four hundred acres of land and constructed thereon approximately two thousand dwelling houses. Persons employed in the construction of the magnesium and styrene plants lived in the houses, and when the plants were in production, plant employees were the main occupants of the houses.

Plaintiffs were in the sole employment of the Defense Plant Corporation. They were firemen on the four-hundred-acre tract, guards of the lives and property thereon, and operators of the plant furnishing water service to the tract. They performed no service for the magnesium or the styrene plant. But, because their services benefited persons engaged in commerce and in the production of goods for commerce, they claim they were engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act. This claim is based on the theory that their close and intimate tie to the production of goods for commerce and the essentiality of their services to such production made them a part of the general plan governing the production of goods for commerce. We do not agree.

Had plaintiffs been firemen, guards, and water-plant operators of the chemical plants during production of chemicals for commerce, their claim would have more merit. Cf. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638 and Borden Co. v. Borella, 325 U.S. 679, 65 S. Ct. 1223, 89 L.Ed. 1865, 161 A.L.R. 1258.

■ Plaintiffs were not engaged in the production of goods for commerce: Plaintiffs were the employees of the Defense Plant Corporation; most of the housing occupants served by the plaintiffs were employed at the two chemical plants and were employees of the independent contractor and of the lessee of the Defense Plant Corporation. The independence of the employer [2] of the plaintiffs and the employers of the housing occupants insulates the plaintiffs from the status of producers of goods for commerce.

Moreover, plaintiffs' services benefited the housing occupants not when they were producing goods for commerce but when

---

[1] Public Law No. 109 of the 79th Congress, 15 U.S.C.A. § 606b note.

[2] Insofar as the activities of the Defense Plant Corporation are concerned on this appeal, it was not "engaged in commerce" or engaged "in the production of goods for commerce." "While the nature of the employer's business is not determinative of the rights of employees under the Act because the application of the Act depends upon the character of the employees' activities, Overstreet v. North Shore Corp., 1943, 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656, nevertheless, unless an employer is 'engaged in commerce' or engaged 'in the production of goods for commerce,' the employees are not 'engaged in commerce,' or engaged 'in the production of goods for commerce.' Mabee v. White Plains Publishing Co., 1945, 66 S.Ct. 511, 90 L.Ed. ——." Lewis v. Florida Power & Light Co., 5 Cir., 1946, 154 F.2d 751, 752.

they were entirely separated from the production of goods for commerce. Such services were entirely too remote from commerce to bring plaintiffs within the Fair Labor Standards Act. Cf. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538, affirming, 5 Cir., 131 F.2d 880.

For us to hold otherwise "would be stretching coverage [of the Fair Labor Standards Act] beyond the breaking point to include a situation far beyond the pale of the act."

The judgment appealed from is affirmed.

